IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANNY PALMER,                          :
    Plaintiff,                        :
                                           :
    v.                                :          CIVIL ACTION NO. 21-CV-2906
                                           :
PHA,                                   :
    Defendant.                        :

## MEMORANDUM

**ROBRENO, J.**                                        **JULY  23, 2021**

Plaintiff Danny Palmer filed this *pro se* civil action against the Philadelphia Housing Authority ("PHA") based on his eviction.  He seeks leave to proceed *in forma pauperis*.  The Court will grant Palmer leave to proceed *in forma pauperis* and dismiss his Complaint for the following reasons.

## I.    FACTUAL ALLEGATIONS

Palmer's Complaint raises claims based on his eviction.[1]  The Court understands Palmer to be alleging that he was unlawfully evicted from his housing, which appears to have been owned or managed by PHA.  Palmer alleges that a PHA property manager stole money he paid toward his rent.  (ECF No. 2 at 1.)[2]  It appears that counsel for PHA subsequently filed a lawsuit to evict Palmer for nonpayment of rent and for failure to sign a "recertification" relating to his lease.  (*Id.* at 1-2, 7, 10-11.)  Palmer describes the allegations underlying the eviction lawsuit as

---

[1] Palmer filed his case using a form complaint for claims brought in the United States Court of Federal Claims, which he modified for this Court.  To the extent there are form allegations related to the Court of Federal Claims contained in the Complaint, the Court will disregard those allegations because they are not germane to this lawsuit.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

"libel," "false," and "fabricated."  (*Id.* at 1-2.)  It appears he was ultimately evicted based on

what he describes as "rogue rulings" by "two unjust judges" even though he alleges was able to

prove he submitted money orders toward payment of his rent.  (*Id.* at 2, 7, 9, 11-12.)  Palmer was

homeless for a period of time after he was evicted.

Based on those allegations, Palmer filed this lawsuit against PHA.  He alleges that he

would "like to sue PHA for the libel that has caused [his] current homelessness and the

intentional infliction of emotional distress maliciously caused by their [malfeasance]."[3]  (*Id.* at 3;

*see also id.* at 6 (describing the Complaint as raising a claim for "libel").)  Palmer also indicates

that he seeks to sue the judges and the PHA attorney involved in the eviction case, although he

did not name those individuals as Defendants in the caption of the Complaint.  (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Palmer leave to proceed *in forma pauperis* because it appears that he

is not capable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint in this case if, among other things,

it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is

governed by the same standard applicable to motions to dismiss under Federal Rule of Civil

Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which

requires the Court to determine whether the complaint contains "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quotations omitted).  Conclusory statements and naked assertions will not

---

[3] In an "Exhibit" he filed after submitting his Complaint, Palmer claims that he was
discriminated against because he did not fit the stereotypical description of the "type of male" to
whom PHA usually affords housing.  (ECF No. 7 at 1.)  This allegation, however, does not
appear in the Complaint itself.

suffice.  *Id.*  As Palmer is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).  Additionally, the Court must dismiss the matter if it determines that the Complaint fails to set forth a proper basis for this Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

## III.    DISCUSSION

The Court understands Palmer to be raising tort claims against PHA under Pennsylvania law for libel, intentional infliction of emotional distress and abuse of process, based on his eviction from property owned or managed by PHA.  However, 28 U.S.C. § 1332(a) provides the only independent basis for this Court's jurisdiction over such claims.  That provision grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

The Complaint does not allege the citizenship of the parties, although it appears likely that both Palmer and PHA are Pennsylvania citizens.[4]  Additionally, it is not clear whether the

---

[4] Palmer does not allege his own citizenship and only provides a post office box address in Philadelphia.

amount in controversy is satisfied here.  Accordingly, the Court cannot exercise jurisdiction over Palmer's tort claims.[5]

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Palmer leave to proceed *in forma pauperis* and dismiss his Complaint for lack of subject matter jurisdiction.  Since the Court cannot conclude at this time that Palmer can never cure the jurisdictional defect in his pleadings, he will be given an opportunity to file an amended complaint.  Alternatively, he may opt to refile his complaint in state court, where federal jurisdiction will not be an issue.  An appropriate Order follows.

BY THE COURT:

*Eduardo C. Robreno*

**EDUARDO C. ROBRENO, J.**

---

[5] Even if the Complaint could be construed as attempting to raise civil rights claims pursuant to 42 U.S.C. § 1983, those claims fail.  Initially, the Court lacks jurisdiction over the portion of Palmer's Complaint that is based on allegations he was harmed by the state judges' rulings that led to his eviction.  *See Pittman v. Viamonte Invs. Grp., LLC*, No. 20-1107, 2021 WL 1169547, at *2 (7th Cir. Mar. 29, 2021) ("[T]here is no federal subject-matter jurisdiction over Pittman's claims for injuries caused by the state court judgment in the eviction proceedings.  This covers the majority of his claims because it was the state court that caused his primary injury: the eviction and its collateral effects."); *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010) ("[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.").  As for the remainder of the claims, the Complaint fails to allege a constitutional violation or other violation of federal law caused by a policy or custom of PHA.  *See Solomon v. Philadelphia Hous. Auth.*, 143 F. App'x 447, 456 (3d Cir. 2005) (holding that PHA, although a Commonwealth entity, falls is within the definition of "person" as a local government entity for purposes of § 1983 liability (citing *Wright v. Philadelphia Hous. Auth.*, 1994 WL 597716, *3 (E.D. Pa. 1994)); *see also Lee v. Petrolichio*, 697 F. App'x 112, 113 n.5 (3d Cir. 2017) (*per curiam*) (a plaintiff must allege a governmental policy or custom to state a claim against PHA).